**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **KEITH E. SONDERLING, Acting Secretary of the U.S. Department of Labor**<br><br>***Plaintiff*,**<br><br>**v.**<br><br>**SOLUTION ENGINEERING FOR RELIABLE AND VIABLE ENTERPRISES ADVISORY GROUP, LLC, *et al.*,**<br><br>***Defendants*.** | **Civil No.: 1:25-cv-02426-JRR** |

**MEMORANDUM AND ORDER**

Pending before the court is William Reynolds' Motion to Set Aside Default at ECF No. 37 (the "Motion"). The court has reviewed all papers; no hearing is necessary. Local Rule 105.6 (D. Md. 2025). For the reasons that follow, the Motion will be granted.

## I. BACKGROUND

This is an Employee Retirement Income Security Act of 1974 ("ERISA") action brought by the Acting Secretary of the Labor "to enjoin acts and practices which violate the provisions of Title I of ERISA, to obtain appropriate relief for breaches of fiduciary duty under ERISA Section 409, 29 U.S.C. § 1109, and to obtain such other further relief as may be appropriate to redress violations and enforce the provisions of Title I of ERISA." (ECF No. 1 ¶ 1.) Defendants are Solution Engineering for Reliable and Viable Enterprises Advisory Group, LLC ("SERVE" or the "Company"); Reynolds, the majority owner, Chief Executive Officer, and President of the Company; the SERVE Advisory Group, LLC 401(k) Plan ("401(k) Plan"); and the SERVE Advisory Group, LLC Health Welfare Benefit Plan ("Health Plan"). *Id.* ¶¶ 5–8. At issue, the Company established two employee benefit plans—the 401(k) Plan, which is an employee benefit

plan within the meaning of Section 3(2) of ERISA, 29 U.S.C. § 1002(2), and provides retirement income to eligible Company employees; and the Health Plan, which is an employee benefit plan within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), that provides health and welfare benefits to participant employees. *Id.* ¶¶ 7–8. Reynolds is alleged to have "carried out the Plan Administrator role" for both Plans and to serve as a fiduciary of both Plans within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21). *Id.* ¶¶ 9–11. The Secretary brings claims for breach of fiduciary duty and prohibited transactions related to both Plans. *Id.* ¶¶ 30–35.

The Acting Secretary initiated this action on July 24, 2025. (ECF No. 1.) Relevant here, following service, Reynolds' answer was due September 29, 2025. (ECF No. 12.) When Reynolds did not appear, answer, or otherwise respond to the Complaint, the Acting Secretary moved for entry of default on September 30, 2025. (ECF Nos. 16, 17.) The Clerk entered default on October 15, 2025. (ECF No. 18.) For more than nine months thereafter, no action was taken in this case. (ECF No. 26.) Therefore, on July 20, 2026, the court entered an order directing the parties to show good cause why this action should not be dismissed for failure to prosecute. (ECF No. 26.) The Acting Secretary filed a response to the order to show cause, explaining that he had "continued pursuing resolution of his claims, principally in settlement discussions with Defendants and in Bankruptcy proceedings initiated by Defendant William Reynolds, individually and on behalf of [the Company]." (ECF No. 30.) Finding good cause, the court directed the Acting Secretary to file his anticipated motion for default judgment. (ECF No. 28.) Two days later, Reynolds filed a motion to set aside default, which was ultimately withdrawn and corrected because he improperly sought to vacate default on behalf of all Defendants. (ECF No. 29.) The Secretary then filed his

Motion for Default Judgment (ECF No. 31), and Reynolds filed his corrected instant Motion (ECF No. 37), which includes a proposed Answer (ECF No. 37-2 at pp. 3–7).[1]

## II. ANALYSIS

Under Federal Rule of Civil Procedure 55(c), the court "may set aside an entry of default for good cause." FED. R. CIV. P. 55(c). "The disposition of motions made under Rule [ ] 55(c) . . . is a matter which lies largely within the discretion of the trial judge . . . ." *Payne ex rel. Est. of Calzada v. Brake*, 439 F.3d 198, 204 (4th Cir. 2006) (quoting *Consolidated Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967)). The Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010); *see Saunders v. Metro. Prop. Mgmt., Inc.*, 806 F. App'x 165, 168 (4th Cir. 2020) ("[T]he law disfavors disposition by default and accords preference to resolving a case on its merits.").

The Fourth Circuit has identified six factors that district courts should consider when determining whether to set aside an entry of default: "whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Payne*, 439 F.3d at 204–205. "In weighing these factors, a district court should not 'place[ ] overarching emphasis on a single *Payne* factor.'" *Old Republic Nat'l Title Ins. v. Georg*, No. CV RDB-21-0842, 2023 WL 2185777, at *3 (D. Md. Feb. 23, 2023) (citing *Colleton Preparatory Acad.*, 616 F.3d at 419).

[1] Reynolds filed an answer directly on the docket and also submits a proposed answer appended to the Motion. (ECF No. 37-2 at pp. 3–7.) The court understands the proposed answer as the operative answer he seeks to file. Because the court grants the Motion, the court will separately direct Madam Clerk to docket the proposed answer as Reynolds' operative answer in this matter.

**A. Assertion of a Meritorious Defense**

"All that is necessary to establish the existence of a meritorious defense is a presentation or proffer of evidence, which, if believed, would permit the court to find for the defaulting party." *Armor v. Michelin Tire Corp.*, 113 F.3d 1231 at *2 (4th Cir. 1997). "The burden for proffering a meritorious defense is not onerous." *Russell v. Krowne*, No. CIV.A. DKC 08-2468, 2013 WL 66620, at *2 (D. Md. Jan. 3, 2013) (citing cases). As this court has explained,

> "[A]ll that is necessary to satisfy the meritorious defense requirement is to allege sufficient facts that, if true, would constitute a defense." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1094 (9th Cir. 2010). "The question of whether the factual allegation[s] [are] true is not to be determined by the court when it decides the motion to set aside the default. Rather, that question would be the subject of the later litigation." *Mesle*, 615 F.3d at 1094

*Old Republic Nat'l Title Ins. v. Georg*, No. CV RDB-21-842, 2023 WL 3763976, at *7 (D. Md. June 1, 2023); *see Russell*, 2013 WL 66620, at *2 (same). "Although conclusive proof is not required, neither is 'a bare allegation of a meritorious defense' sufficient." *H & W Fresh Seafoods, Inc. v. Schulman*, 200 F.R.D. 248, 253–54 (D. Md. 2000) (quoting *Consol. Masonry & Fireproofing, Inc. v. Wagman Const. Corp.*, 383 F.2d 249, 252 (4th Cir. 1967)).

Reynolds contends he has a meritorious defense because he "disputes the scope of the fiduciary functions attributable to him personally, causation, and the amount and character of the alleged losses, co-fiduciary liability, and the breadth of the equitable relief sought against him." (ECF No. 37-1 at p. 2.) He further raises affirmative defenses to this same effect. (ECF No. 37-2 at pp. 3–7.) Specifically, he offers concrete factual challenges to the Acting Secretary's allegations of unpaid claims, as well as testimony (through his own declaration) and purported evidence related to same. Reynolds' assertions are beyond a "bare allegation of a meritorious defense," *see Consol. Masonry*, 383 F.2d at 252, and are enough to raise "some possibility" of a meritorious

defense as to the claims against him, *see Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988) ("The underlying concern is . . . whether there is some possibility that the outcome ... after a full trial will be contrary to the result achieved by the default.") (citation omitted).

That Reynolds' asserted challenges may not ultimately prove dispositive of every issue presented in this action does not persuade the court that they fail to meet the "not onerous" burden of presenting evidence that would support a finding for Reynolds at least in some aspect of this litigation.[2] *See Sec. & Exch. Comm'n v. Lee*, No. 24-CV-00296-ABA, 2025 WL 2781530, at *5 (D. Md. Sept. 30, 2025) ("The question is not whether the defendant has fully proven a defense at this stage, but rather 'whether there is some possibility that the outcome after a full trial will be contrary to the result achieved by the default.'") (quoting *Nat'l Liab. & Fire Ins. Co. v. Rooding*, Case No. 15-cv-2572-ELH, 2016 WL 5144493, at *6 (D. Md. Sept. 21, 2016)). Indeed, the challenges he mounts bear on the factual allegations underlying the Acting Secretary's claims, not simply the relief sought. As this court has remarked:

> The Fourth Circuit has found that a meritorious defense may exist even when the allegations "address the amount, rather than the propriety, of [the] claim . . . ." *Augusta Fiberglass,* 843 F.2d at 812. In that case, the court found that the defendant had raised a meritorious defense by contradicting the amount claimed by the plaintiff. Wainwright's is in the same situation. The company has raised a viable dispute about the amount it owes Pan Am. The court, therefore, finds that Wainwright's has proffered a meritorious defense under *Augusta Fiberglass.*

*Wainwright's Vacations, LLC v. Pan Am. Airways Corp.*, 130 F. Supp. 2d 712, 719 (D. Md. 2001).[3]

---

[2] At a minimum, Reynolds' evidence would possibly generate a dispute regarding the default judgment the Acting Secretary seeks against him. The court discerns little benefit to requiring such matters be litigated in a default judgment posture as opposed to on their merits, especially against the backdrop of the court's analysis of the other *Payne* factors.

[3] The Acting Secretary references an unreported Fourth Circuit decision to support the principle that disputes as to the relief due are not a sufficient basis to set aside a default. (ECF No. 40 at p. 7.) Specifically, the Fourth Circuit's decision provides: "At no stage of this case have Appellants alleged that they did not breach the contracts—at best, they dispute the amounts owed Xerox. The district court rightfully rejected these conclusory arguments as insufficient

This factor thus weighs in favor of default.[4]

**B. Reasonable Promptness**

"[A] party attempting to set aside an entry of default must act with reasonable promptness in responding to the entry of default . . . ." *Nat'l Liab. & Fire Ins. v. Rooding*, No. CV ELH-15-2572, 2016 WL 5144493, at *7 (D. Md. Sept. 21, 2016) (quoting *Wainwright's Vacations, LLC v. Pan Am. Airways Corp.*, 130 F. Supp. 2d 712, 718 (D. Md. 2001)). While the Acting Secretary correctly notes that Reynolds filed the instant Motion well after the 30-day timeframe imposed by Local Rule 108.2(a), "[c]ourts must consider the specific 'facts and circumstances of each occasion' when determining whether a defendant acted in a reasonably prompt manner when moving to set aside a default." *Propps v. Kirkpatrick*, No. CV 21-01744-SAG, 2021 WL 4951930, at *2 (D. Md. Oct. 25, 2021) (quoting *Prescott v. MorGreen Solar Solutions, LLC*, 352 F. Supp. 3d 529, 537 (E.D.N.C. 2018)).

To be sure, Reynolds nine-month delay can hardly be described as reasonably prompt. He further acknowledges service of the Complaint in September 2025. (Reynolds Decl., ECF No. 37-2 ¶ 3.) At the same time, however, precious little has happened in this action during these nine months—beyond the Acting Secretary moving for default, this case did not progress during that time. This court previously found good cause to excuse the Acting Secretary's failure to prosecute based on representations that he had been attempting to negotiate informal resolution and to engage in Reynolds' bankruptcy proceedings. The efforts, of course, were similarly undertaken by

to justify setting aside the default." *Xerox Corp. v. Rimm Holdings, Inc.*, No. 22-1500, 2023 WL 34266, at *1 (4th Cir. Jan. 4, 2023). For the reasons discussed above, and when considering the nature of this action as opposed to a breach of contract action, as well as Reynolds' offering of more than "conclusory arguments," the court considers the Fourth Circuit's decision in *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808 (4th Cir. 1988), more persuasive.

[4] To be clear, the court makes no findings about the underlying merits of any asserted defense by Reynolds. The court merely notes that he has attempted to present evidence to support his challenges, which the court is satisfied meets the not onerous burden required, especially when considering his *pro se* status.

Reynolds, which is to say, he was engaged in these same informal resolution discussions and bankruptcy proceedings.[5] Reynolds further offers explanation, supported by his declaration, for his delay, including the reasons discussed above and the apparent stress of "business and financial disruption." (Reynolds Decl., ECF No. 37-1 at p. 3.) Additionally, the court observes that Reynolds did move promptly following its order to show cause, filing his initial motion to set aside default within four days and his corrected motion within 21. (ECF Nos. 26, 29, 37.)

In view of the foregoing, this factor is not particularly persuasive to the court on the instant facts.

### C. **Personal Responsibility of the Defaulting Party/History of Dilatory Action**

"The third and fifth *Payne* factors can be addressed together." *Timilon Corp. v. Empowerment Just. Ctr. Corp.*, 738 F. Supp. 3d 669, 682 (D. Md. 2024). "In considering personal responsibility, district courts in the Fourth Circuit have found that default judgment 'is reserved only for cases where the party's noncompliance represents bad faith or complete disregard for the mandates of procedure and the authority of the trial court.'" *Id.* (quoting *First Am. Fin. Corp. v. Homefree USA, Inc.*, No. 1:12-cv-02888-ELH, 2013 WL 2902856, at *4 (D. Md. June 12, 2013), *report and recommendation adopted*, 2013 WL 6080178 (D. Md. July 8, 2013)).

Throughout Reynolds' Motion papers, he acknowledges his delay in seeking this relief but explains such delay "occurred during an exceptional period of business and financial disruption" and was not reflective of "an intent to abandon the judicial process." (ECF No. 37-1 at p. 3.) He further provides a declaration attesting to that fact, discussing the impact of the loss of federal contract work, lack of financial resources, and the ability to retain litigation counsel. (Reynolds Decl., ECF No. 37-2 ¶¶ 5–6.) He further attests, which the Acting Secretary acknowledges, that

[5] The court acknowledges that the Acting Secretary challenges that Reynolds did so in good faith, which the court addresses at greater length below.

he was in repeated communication with the Acting Secretary during the course of this litigation, including regarding informal resolution. *Id.* ¶ 9. *See also* ECF No. 27.

The Acting Secretary urges that Reynolds acknowledges his personal responsibility and that he has a history of dilatory action including, for example, ultimately deciding not to waive service of process contrary to his earlier representations, and engaged in multiple conversations regarding settlement to no avail. Reynolds' election not to waive service does not, on its own, constitute dilatory action, and failure to reach settlement does not smack of bad faith. The Acting Secretary further alerts the court to what can fairly be characterized as questionable conduct by Reynolds in a series of bankruptcy proceedings. While the court appreciates that Reynolds' conduct in the separate bankruptcy proceedings may raise questions about his conduct there, on the present record, the court is not persuaded to find bad faith here based on conduct elsewhere.

Although personal responsibility weighs against setting aside the default, the history of dilatory conduct factor supports setting it aside.

**D. <u>Prejudice to the Opposing Party</u>**

"[D]elay in and of itself does not constitute prejudice to the opposing party." *Colleton Preparatory Acad., Inc.*, 616 F.3d at 418. There is no prejudice to a plaintiff where the disadvantage is simply the "los[s] [of] a quick victory." *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988). Notwithstanding the Acting Secretary's arguments to the contrary, the court does not find this factor weighs in favor of denying Reynolds' Motion. The Acting Secretary can hardly be heard to complain of prejudice in delay where he took no action to prosecute this action for more than nine months. While the court did find good cause to allow time to seek informal resolution and to engage in the bankruptcy

proceedings at issue, as discussed above, Reynolds was involved in these same discussions and proceedings. This factor weighs in favor of setting aside default.

### E. Availability of Less Drastic Sanctions

In view of the court's findings above, the court is satisfied that less drastic sanctions are available, including but not limited to, "monetary sanctions for the costs of litigating the entry of default and setting aside the default order." *See, e.g.*, *Timilon*, 738 F. Supp. 3d at 683 ("Courts have concluded that sanctions less drastic than final judgment can 'include monetary sanctions for the costs of litigating the entry and setting aside of the default order.'") (quoting *Acosta v. Vera's White Sands Beach Club, LLC*, No. 8:16-CV-00782-PX, 2019 WL 1767147, at *4 (D. Md. Apr. 22, 2019)); *Pulaski v. Seven Sons Truck & Trailer Repair LLC*, No. CV 8:24-3053-AAQ, 2025 WL 372997, at *4 (D. Md. Jan. 31, 2025) ("Because lesser sanctions are available, this factor weighs in favor of Defendants."); *Mbow v. Mackert*, No. 24-3674-BAH, 2026 WL 221711, at *5 (D. Md. Jan. 28, 2026) ("[E]ven if [costs] were incurred and recoverable despite the subsequent filing of an amended complaint, 'the Court may address this prejudice through a less drastic sanction than default—an award for attorney's fees and costs.'") (quoting *Atinus Works, LLC v. Greenclean, Inc.*, Civ. No. MJM-24-614, 2025 WL 487336, at *2 (D. Md. Feb. 13, 2025)). This is especially so where the Fourth Circuit has "encouraged trial courts initially to consider imposing sanctions less severe than default." *Hathcock v. Navistar Int'l Transp. Corp.*, 53 F.3d 36, 41 (4th Cir. 1995). This factor thus similarly favors setting aside default.[6]

### F. Analysis of Factors

In light of the above analysis, and cognizant of the Fourth Circuit's "strong preference that . . . defaults be avoided and that claims and defenses be disposed of on their merits," *Colleton*

---

[6] The court makes no finding as to whether sanctions are proper and the Acting Secretary has made no such request.

*Preparatory Acad.*, 616 F.3d at 417, the court finds the better course of action is to grant the Motion and set aside the default against Reynolds.

## III. CONCLUSION AND ORDER

Accordingly, for the reasons set forth above, it is this 28th day of September 2026,

**ORDERED** that the Motion (ECF No. 37) shall be, and is hereby, **GRANTED**; and further it is

**ORDERED** that the Clerk's Entry of Default as to Reynolds (ECF No. 18) shall be, and is hereby, **VACATED**; and further it is

**ORDERED** that the Acting Secretary's Motion for Default Judgment (ECF No. 31) shall be, and is hereby, **DENIED as moot** solely as against Defendant Reynolds.[7]

Madam Clerk shall docket Reynolds' Corrected Answer at ECF No. 37-2 at pp. 3–7.

/s/ ______________________
Julie R. Rubin
United States District Judge

[7] The Acting Secretary's Motion for Default Judgment (ECF No. 31) remains pending against the remaining Defendants.